UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-cr-184-pp |
| Plaintiff, | |
| v. | |
| RAYFORD P. WILLIAMS, | |
| Defendant. | |

─────────────────────────────────────────────

**ORDER APPROVING STIPULATION (DKT. NO. 4), REVOKING SUPERVISED RELEASE, AND IMPOSING AGREED SENTENCE**

─────────────────────────────────────────────

On September 10, 2014, this court accepted a transfer of the defendant's supervised release jurisdiction from the Southern District of Illinois in the above-captioned case. Dkt. No. 1. In the Southern District case, the defendant had been sentenced by Judge Michael J. Reagan to serve twenty-four months (two years) on supervised release. Dkt. No. 1-1 at 3. On May 15, 2015, the court issued an arrest warrant for the defendant, because he had been charged in this district in a multi-count, multi-defendant drug conspiracy. Dkt. No. 2. He since has been convicted and sentenced in that conspiracy. United States v. Rayford Williams, *et al.*, 15-cr-117-pp (E.D. Wis.).

On September 13, 2018, the parties filed a stipulation, indicating that the defendant had agreed to revocation of his supervised release and that the parties had agreed on a sentence. Dkt. No. 4. The parties made this agreement under Fed. R. Crim. P. 11(c)(1)(C), which requires the court to impose the agreed sentence if it approves the stipulation, and 32.1, subsections (b)(1)(A)

1

and (b)(2) of which allow a defendant to waive the preliminary and final revocation hearings. Id. at 2.

In the stipulation, the defendant admits to one Grade A violation (committing a federal crime while on supervised release) and three Grade C violations (failure to report for a urinalysis test, failure to report a police contact within 72 hours, and failure to obtain his GED/HSED). Id. at 1. The defendant's criminal history category is IV; because the highest grade of violation is the Grade A violation, the defendant's advisory sentencing range is 33 to 41 months. Id. at 2. The parties have agreed that the court should revoke the defendant's supervised release, and sentence him to 33 months in custody, to run concurrently with the sentences imposed in United States v. Rayford P. Williams, 99-cr-96-pp and United States v. Rayford Williams, 15-cr-117-pp. Id.

The defendant, his attorney, the prosecutor, the probation officer and the probation officer's supervisor have all signed the stipulation, which includes the defendant's specific waiver of his rights to appear at a revocation hearing and present evidence, and to present mitigation evidence to the court (including his own personal statement).

The court has reviewed the stipulation, and finds it reasonable.

The court **APPROVES** the stipulation. Dkt. No. 4.

The court **FINDS** that the defendant is aware of his rights, has knowingly waived those rights, and has had the assistance of counsel in making that decision.

The court **ORDERS** that the defendant's supervised release is **REVOKED**.

The court **ORDERS** that the defendant is **SENTENCED** to a term of **thirty-three (33) months** in the custody of the Bureau of Prisons, to run concurrently with the sentences imposed in <u>United States v. Rayford P. Williams</u>, 99-cr-96-pp and <u>United States v. Rayford Williams</u>, 15-cr-117-pp.

The court **ORDERS** that the defendant shall serve a term of **zero (0) months** of supervised release following his release from custody.

The court will issue a judgment reflecting this sentence.

Dated in Milwaukee, Wisconsin this 18th day of September, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**